640 P.2d 818 (1982)
Paula MICKENS, Appellant,
v.
The CITY OF KODIAK, A Municipal Corporation, Appellee.
No. 5628.
Supreme Court of Alaska.
February 11, 1982.
*819 Gerald W. Markham, Kodiak, for appellant.
Melvin M. Stephens, II, and C. Walter Ebell, Hartig, Rhodes, Norman & Mahoney, Kodiak, for appellee.
Before RABINOWITZ, C.J., and CONNOR, BURKE, MATTHEWS and COMPTON, JJ.

OPINION
MATTHEWS, Justice.
Paula Mickens performs as a topless dancer at a bar in Kodiak, known as Tony's Place. She wears only a "T-string" during her act which covers her pubic region, but leaves her breasts and buttocks fully exposed.
On August 14, 1980, the City of Kodiak enacted Ordinance No. 588, which prohibits waiters, waitresses and entertainers in establishments serving alcohol from exposing their genitals, buttocks, and, in the case of females, their breasts.[1]
*820 Mickens brought an action in the superior court on August 28, 1980, before the law became effective, seeking a declaratory judgment that the ordinance was facially unconstitutional and an order permanently enjoining the City from enforcing it. After hearing oral argument on the parties' cross-motions for summary judgment, the trial court entered an order granting the City's motion and dismissing the complaint.
Dancing, including nude dancing, is a constitutionally protected form of expression under the first amendment to the United States Constitution.[2]
Entertainment, as well as political and ideological speech, is protected; motion pictures, programs broadcast by radio and television and live entertainment, such as musical and dramatic works, fall within the First Amendment guarantee. Joseph Burstyn, Inc. v. Wilson, 343 U.S. 495, 72 S.Ct. 777, 96 L.Ed. 1098 (1952); Schacht v. United States, 398 U.S. 58, 90 S.Ct. 1555, 26 L.Ed.2d 44 (1970); Jenkins v. Georgia, 418 U.S. 153, 94 S.Ct. 2750, 41 L.Ed.2d 642 (1974); Southeastern Promotions, Ltd. v. Conrad, 420 U.S. 546, 95 S.Ct. 1239, 43 L.Ed.2d 448 (1975); Erznoznik v. City of Jacksonville, 422 U.S. 205, 95 S.Ct. 2268, 45 L.Ed.2d 125 (1975); Doran v. Salem Inn, Inc., 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975). See also California v. La Rue, 409 U.S. 109, 118, 93 S.Ct. 390 [397] 34 L.Ed.2d 342 (1972); Young v. American Mini Theatres, Inc., 427 U.S. 50, 61, 62, 96 S.Ct. 2440 [2447, 2448] 49 L.Ed.2d 310 (1976). Nor may an entertainment program be prohibited solely because it displays the nude human figure.
"Nudity alone" does not place otherwise protected material outside the mantle of the First Amendment. Jenkins v. Georgia, supra [418 U.S.] at 161, 94 S.Ct. 2750 [2755] 41 L.Ed. 642; Southeastern Promotions, Ltd. v. Conrad, supra; Erznoznik v. City of Jacksonville, supra [422 U.S.] at 211-12, 213, 95 S.Ct. 2268 [2273-74, 2275] 45 L.Ed.2d 125. Furthermore, as the state courts in this case recognized, nude dancing is not without its First Amendment protections from official regulation. Doran v. Salem Inn, Inc., supra, Southeastern Promotions, Ltd. v. Conrad, supra; California v. La Rue, supra.
Schad v. Borough of Mt. Ephraim, 452 U.S. 61, 65-66, 101 S.Ct. 2176, 2181, 68 L.Ed.2d 671, 678-79 (1981). The free speech clause of the Alaska Constitution, Article I, Section 5,[3] was meant to be at least as protective of expression as the First Amendment to the United States Constitution.[4] We hold, therefore, that nude dancing is also protected under Article I, Section 5 of our state constitution.
The City contends, nevertheless, that it has the power to prohibit nude dancing in *821 establishments where alcohol is served, relying on California v. La Rue, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972). Citing the states' broad authority to control intoxicating liquors under the Twenty-First amendment to the United States Constitution, La Rue upheld challenged regulations of the California Department of Alcoholic Beverage Control which prohibited certain sexually explicit live entertainment or films. The court held that the regulations did not on their face violate the Constitution, notwithstanding the fact that the regulations proscribed some acts which were not obscene and which were within the limits of the first amendment's protection. 409 U.S. at 115-19, 93 S.Ct. at 395-97, 34 L.Ed.2d at 350-52. The court has recently followed LaRue in New York State Liquor Authority v. Bellanca, 452 U.S. 714, 101 S.Ct. 2599, 69 L.Ed.2d 357 (1981).
The Alaska constitution contains no clause similar to the twenty-first amendment which might be said to justify prohibiting otherwise protected forms of expression where liquor is sold. Our state constitution, like that of Massachusetts, "draws no distinction between free speech in a bar and free speech on a stage, and no provision of our Constitution gives a preferred position to regulation of alcoholic beverages." Commonwealth v. Sees, 374 Mass. 532, 373 N.E.2d 1151, 1155 (1978).[5] Because of the Twenty-First Amendment, the federal constitution does not prohibit the City from restricting, in places where liquor is sold, forms of expression which would otherwise be protected under the First Amendment; the state constitution, however, does contain such a prohibition. We therefore reject the La Rue rationale on state constitutional grounds.[6]
The ordinance prohibits performances involving nudity before adult audiences who knowingly and willingly have come to view them. It is aimed at the content of the performances in the sense that shows containing nude scenes are forbidden, while other performances are not. See Erznoznik v. City of Jacksonville, 422 U.S. at 214-15, 95 S.Ct. at 2275-76, 45 L.Ed.2d 125, 134. Laws prohibiting free expression, based on the content of the expression, are sustainable only for the most compelling of reasons. See Erznoznik, supra, Cohen v. California, 403 U.S. 15, 25, 91 S.Ct. 1780, 1788, 29 L.Ed.2d 284, 294 (1971), Police Dept. of City of Chicago v. Mosley, 408 U.S. 92, 95-96, 92 S.Ct. 2286, 2289-90, 33 L.Ed.2d 212, 216-17 (1972); see L. Tribe, Amer.Const.Law. § 12-2, 580-84 (1978). Here, such reasons do not exist and, therefore, the ordinance must be stricken.
*822 The City claims that the ordinance was passed in response to public testimony of citizens who were fearful of criminal activity in the vicinity of the bars offering nude dancing. The City relies on figures compiled by the Kodiak Chief of Police which allegedly show that there has been a substantial increase in the number of calls for public assistance at Tony's Place since the advent of nude entertainment. The City has not demonstrated that the increase in police calls originating at Tony's Place has been caused by anything other than an increase in the volume of business there. While this, in turn, may well be the result of nude dancing, there is no reason to suppose that other forms of entertainment, not involving nudity, would not also increase business and therefore police calls.
Discrimination on the basis of the content of protected forms of expression cannot be tolerated except where there are "clear reasons" for it. Erznoznik v. City of Jacksonville, 422 U.S. 205, 215, 95 S.Ct. 2268, 2275-76, 45 L.Ed.2d 125, 134 (1975).[7] Here the City has offered no justification for distinguishing between entertainment involving nudity from other forms of entertainment as a means to prevent crowds from congregating in establishments where intoxicating liquor is sold. Without such a justification, the ordinance cannot stand.
Moreover, it is not permissible to suppress constitutionally protected forms of expression in order to curb the lawless conduct of some of those who are reacting to it, unless other law enforcement techniques which do not infringe first amendment freedoms are unavailable or likely to be ineffective.[8]Edwards v. South Carolina, 372 U.S. 229, 83 S.Ct. 680, 9 L.Ed.2d 697 (1963); Cox v. Louisiana, 379 U.S. 536, 85 S.Ct. 453, 13 L.Ed.2d 471 (1965); Cantwell v. Connecticut, 310 U.S. 296, 60 S.Ct. 900, 84 L.Ed. 1213 (1940); Feiner v. New York, 340 U.S. 315, 326-27, 71 S.Ct. 303, 309-10, 95 L.Ed. 295, 303 (1951) (Black, J., dissenting). The City here has attempted no showing that it is incapable of enforcing its laws relating to drunkenness and assaultive behavior. There is therefore no basis for concluding that the City's effort to achieve the object of these laws indirectly by suppressing nude dancing is constitutionally justified.
Although we have concluded that the ordinance does not pass constitutional muster for the above reasons, it is well to keep in mind what this case does not involve. It *823 does not involve an ordinance which prohibits only obscene performances. It does not involve unwilling or captive viewers whose personal sensibilities are offended by the performances in question. And it does not involve an effort to protect children from sexually oriented displays which are not obscene by adult standards. If these factors had existed, a different and stronger case for the ordinance could be made.[9]
REVERSED and REMANDED for entry of judgment in favor of appellant.
BURKE, Justice, concurring.
I concur.
I do, however, wish to point out what I believe to be an important difference between the ordinance in this case and the statute held enforceable in New York State Liquor Authority v. Bellanca, 452 U.S. 714, 101 S.Ct. 2599, 69 L.Ed.2d 357 (1981).
The statute in Bellanca did not attempt to impose criminal penalties on those performing in violation of its terms. It was aimed solely at the licensee[1] and could only "cause an establishment to lose its liquor license." 452 U.S. at 714, 101 S.Ct. at 2600, 69 L.Ed.2d at 359. Thus, the penalty for a violation was civil in nature and directly related to the activities of the license holder.
NOTES
[1] Kodiak City Ordinance No. 588 provides:

WHEREAS, the City Council finds that there exists in this City an increasing trend toward nude and semi-nude acts, exhibitions and entertainment, and of undress by employees of establishments serving alcoholic beverages to the public, and that such acts and such competitive commercial exploitation of nudity is adverse to the public peace, morals and good order; and that it is in the best interest of the public safety and convenience of this City to restrict such nudity, and the commercial promotion and exploitation thereof,
NOW, THEREFORE, be it ordained by the Council of the City of Kodiak as follows:
Section 1. Chapter 5.12 of the Kodiak City Code is amended by adding new sections to read as follows:
5.12.130 Exposure by Waiters, Waitresses and Entertainers.
(A) Every person is guilty of a misdemeanor who, while acting as a waiter, waitress or entertainer in an establishment which serves alcoholic beverages for consumption on the premises of such establishment:
(1) Exposes his or her genitals, pubic hair, buttocks, natal cleft, perineum, anal region or pubic hair region; or
(2) Exposes any device, costume or covering which gives the appearance of or simulates the genitals, pubic hair, buttocks, natal cleft, perineum, anal region or pubic hair region; or
(3) Exposes any portion of the female breasts at or below the areola thereof.
(B) A person shall be deemed to be a waiter, waitress, or entertainer if such person acts in that capacity without regard to whether or not such person is paid any compensation by the management of the establishment in which the activity is performed.
5.12.140 Counseling or Assisting. Every person is guilty of a misdemeanor who causes, permits, procures, counsels or assists any person to expose or simulate exposure as prohibited in § 5.12.130.
Section 2. Constitutionality. If any provision or clause of this ordinance or application thereof to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of this ordinance which can be given effect without the invalid provision or application, and to this end the provisions of this ordinance are declared to be severable.
[2] The first amendment to the United States Constitution provides:

Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances.
[3] Article I, section 5 of the Alaska Constitution provides:

Freedom of Speech. Every person may freely speak, write, and publish on all subjects, being responsible for the abuse of that right.
[4] 2 Proceedings of the Alaska Constitutional Convention 1305-07 (Jan. 5, 1956).
[5] The full quotation, so far as it is pertinent here, of the Massachusetts court in Sees is as follows:

There remains for consideration the free speech provision of art. 16 in our Declaration of Rights: "The right of free speech shall not be abridged." The provision on its face draws no distinction between free speech in a bar and free speech on a stage, and no provision of our Constitution gives a preferred position to regulation of alcoholic beverages. So far as the record before us discloses, the dancer may have been rendering a selection from the "Ballet Africains" or some other work of unquestionable artistic and socially redeeming significance. See Doran v. Salem Inn, Inc., 422 U.S. 922, 933, 95 S.Ct. 2561, [2568] 45 L.Ed.2d 648 (1975). Though not shown by proof, it seems more likely that she was engaged in "the customary `barroom' type of nude dancing," involving "only the barest minimum of protected expression." Id. at 932, 95 S.Ct. at 2568. To distinguish between the two, however, would be to cast on the police and courts "the anomalous duty of serving as ... artistic constables," evaluating the artistic worth and tasteful quality of the performance in its total context. Commonwealth v. Horton, 365 Mass. 164, 178, 310 N.E.2d 316, 325 (1974) (Kaplan J., concurring). No governmental interest is shown to warrant the effort. See California v. LaRue, 409 U.S. 109, 130-33, 93 S.Ct. 390, [403-05] 34 L.Ed.2d 342 (1972) (Marshall, J., dissenting). Moreover, the artistic preferences and prurient interests of the vulgar are entitled to no less protection than those of the exquisite and sensitive esthete. See Salem Inn, Inc. v. Frank, 522 F.2d 1045, 1048-49 (2d Cir.1975). [Footnote omitted].
[6] The New York Court of Appeals in Bellanca v. New York State Liquor Authority, 54 N.Y.2d 228, 445 N.Y.S.2d 87, 429 N.E.2d 765 (Ct.App. N.Y. 1981), on remand from the United States Supreme Court, has done likewise.
[7] In Erznoznik, the City of Jacksonville attempted to defend an ordinance which prohibited drive-in movies whose screens were visible from a public street from showing films with nude scenes as a traffic safety regulation. In rejecting this rationale the court stated:

By singling out movies containing even the most fleeting and innocent glimpses of nudity the legislative classification is strikingly underinclusive. There is no reason to think that a wide variety of other scenes in the customary screen diet, ranging from soap opera to violence, would be any less distracting to the passing motorist.
This court frequently has upheld underinclusive classifications on the sound theory that a legislature may deal with one part of a problem without addressing all of it. This presumption of statutory validity, however, has less force when a classification turns on the subject matter of expression. "[A]bove all else, the First Amendment means that government has no power to restrict expression because of its message, its ideas, its subject matter, or its content," Police Dept. of Chicago v. Mosley, 408 U.S. at 95, 92 S.Ct. 2286 [2290] 33 L.Ed.2d 212. Thus, "under the Equal Protection Clause, not to mention the First Amendment itself," id., at 96, 92 S.Ct. 2286 [2290] 33 L.Ed.2d 212, even a traffic regulation cannot discriminate on the basis of content unless there are clear reasons for the distinctions.
Appellee offers no justification, nor are we aware of any, for distinguishing movies containing nudity from all other movies in a regulation designed to protect traffic. Absent such a justification, the ordinance cannot be salvaged by this rationale.
[Citations, footnote omitted] 422 U.S. at 214-15, 95 S.Ct. at 2275-76, 45 L.Ed.2d at 134. Our reading of the "clear reasons" language in context would require a stronger showing than mere rationality. See Schad, supra 452 U.S. at 67-76, 101 S.Ct. at 2182-87, 68 L.Ed.2d at 680-85, especially n. 7 at 68, 101 S.Ct. at 2183, 68 L.Ed.2d at 680.
[8] As we observed in Breese v. Smith, 501 P.2d 159, 174 n. 60 (Alaska 1972), "it is absurd to punish a person `because his neighbors have no self-control and cannot refrain from violence.'" Quoting from Z. Chaffee, Jr., Free Speech in the United States 151-52 (1941).
[9] See, as to obscenity, Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973); A Book Named "John Cleland's Memoirs of a Woman of Pleasure" v. Attorney General of Massachusetts, 383 U.S. 413, 86 S.Ct. 975, 16 L.Ed.2d 1 (1966); Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957); as to captive audiences, Kovacs v. Cooper, 336 U.S. 77, 69 S.Ct. 448, 93 L.Ed. 513 (1949); Lehman v. City of Shaker Heights, 418 U.S. 298, 94 S.Ct. 2714, 41 L.Ed.2d 770 (1974); Erznoznik v. City of Jacksonville, 422 U.S. 205, 95 S.Ct. 2268, 45 L.Ed.2d 125 (1975); as to minors, Ginsberg v. New York, 390 U.S. 629, 88 S.Ct. 1274, 20 L.Ed.2d 195, reh. denied 391 U.S. 971, 88 S.Ct. 2029, 20 L.Ed.2d 887 (1968).
[1] The statute provided:

No retail licensee for on premises consumption shall suffer or permit any person to appear on licensed premises in such manner or attire as to expose to view any portion of the pubic area, anus, vulva, or genitals, or any simulation thereof, nor shall suffer or permit any female to appear on licensed premises in such manner or attire as to expose to view any portion of the breast below the top of the areola, or any simulation thereof.