Stevie LNU, AKA Gabrielle Verse, Appellant,

v.

STATE of Texas, Appellee.

No. 13–81–285–CR.

Court of Appeals of Texas, Corpus Christi.

June 25, 1982.

Terrence Gaiser, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before NYE, C.J., and YOUNG and GONZALEZ, JJ.

## OPINION

GONZALEZ, Justice.

This is an appeal from a conviction for commercial obscenity. Appellant pled not guilty to the offense, but the court found her guilty and assessed punishment at ten days in jail and a fine of Two Hundred Fifty Dollars ($250.00). We affirm.

In her first ground of error, appellant contends that the information was fundamentally defective because it failed to allege that the performance of appellant was obscene. The information alleges that the appellant, a nude dancer, while performing, engaged in representations of masturbation and displayed her genitals to W.L. Hayden in an active fashion.

This case was brought under Acts 1973, 63rd Leg., p. 883, ch. 399, Sec. 1, eff. Jan. 1, 1974 and provided in pertinent part that: "(a) A person commits an offense if, knowing the content of the material:

.    .    .    .    .

"(2) he presents or directs an obscene play, dance, or performance or participates in that portion of the play, dance, or performance that makes it obscene." [1]

Omitting its formal parts the information alleged that the defendant: "knowing the content of the material, intentionally participate in an obscene portion of a performance in which the Defendant displayed her genitals to W.L. Hayden and engaged in representations of masturbation."

One element of the offense that the State was required to plead was that the defendant "participated in a portion of an obscene performance." Defendant contends in ground of error one that the information fails to allege an offense because it does not characterize the performance mentioned in the information as being "obscene." We agree that the information does not directly describe the performance as "obscene" but hold that it does so by implication. Under the language of the statute if a performance contains an obscene portion the performance as a whole takes on the character of being obscene. Therefore, to say that the defendant "participated in a portion of an obscene performance" is equivalent to saying that the performance was obscene. Appellant's first ground of error is overruled.

In appellant's second ground of error, she contends that the evidence is insufficient to establish the obscenity of her performance. Appellant contends that the record is devoid of any evidence that her portion of the performance was obscene or appealed to the prurient interest, depicted sexual conduct in a patently offensive way, or lacked serious literary, artistic, political or scientific value.

In reviewing the sufficiency of the evidence to support the conviction, we must view the evidence in the light most favorable to the verdict. In doing so, the verdict will be sustained if there is any evidence which, if believed, shows the guilt of the

1. This section of the Texas Penal Code, Sec. 43.23(a)(2), was amended on September 1, 1979.

accused. *Banks v. State,* 510 S.W.2d 592 (Tex.Cr.App.1974).

▉ The record indicated that certain evidence was stipulated to by the defendant as follows:

"THE COURT: This is Cause No. 563,-845, comes now the Defendant, by and through her attorney, Mr. Terrence Gaiser, and agrees and stipulates with the State of Texas, by and through her attorney, Mr. R.K. Hansen, to wit:

MR. HANSEN: That on the date of August 22, 1979, this defendant Stevie LNU, also known as Gabrielle Verse, in Harris County, Texas, was employed by Joe R. Cinema, as a nude dancer and in that capacity, and on that date in Harris County, Texas, she did perform from a portion of a performance before W.L. Hayden for a fee in which she engaged in representations of masturbation and displayed her genitals to W.L. Hayden in an active fashion. Also that she did know the content of the material of the performance that she did so perform for W.L. Hayden, said complainant in this information."

Obscenity was defined under Acts 1975, 64th Leg., p. 372, ch. 163, § 1, eff. Sept. 1, 1975, and provided in pertinent part that:

"(1) "Obscene" means having as a whole a dominant theme that:

(A) appeals to the prurient interest of the average person applying contemporary standards;

(B) depicts or described sexual conduct in a patently offensive way; and

(C) lacks serious literary, artistic, political, or scientific value." [2]

There is nothing in the record to indicate any literary, artistic, political or scientific value in appellant's exhibition of her genitals or her representations of masturbation. Furthermore, the court as trier of facts determined that by contemporary community standards such a performance could appeal to nothing other than prurient interest and that such conduct is patently offensive.

Furthermore, the conduct of the appellant was specifically enumerated by the U.S. Supreme Court in *Miller v. California,* 413 U.S. 15, 25, 93 S.Ct. 2607, 2615, 37 L.Ed.2d 419 (1973), in which the Court stated:

"We emphasize that it is not our function to propose regulatory schemes for the States. That must await their concrete legislative efforts. It is possible, however, to give a few plain examples of what a state statute could define for regulation under part (b) of the standard announced in this opinion, supra:

(a) Patently offensive representations or descriptions of ultimate sexual acts, normal or perverted, actual or simulated.

(b) Patently offensive representations or descriptions of masturbation, excretory functions, and lewd exhibition of the genitals."

In the case at bar, we find no evidence that the performance of the appellant had any serious literary, artistic, political, or scientific value to merit First Amendment protection. Appellant's second ground of error is overruled.

The judgment of the trial court is affirmed.

**2.** This section of the Texas Penal Code, Sec. 43.21(1), was amended on September 1, 1979.