OPINION OF THE COURT
Jones, J.
The guarantee of freedom of expression declared in our State Constitution mandates invalidation of the blanket proscription against all topless dancing in premises licensed by the State Liquor Authority presently stated in subdivision 6-a of section 106 of the Alcoholic Beverage Control Law. Although that statutory ban has been held to be valid under the Federal Constitution in consequence of the provisions of its Twenty-first Amendment, it is invalid under the guarantee of freedom of expression of our State Constitution, as to which the Twenty-first Amendment has no application.
This case is now before us on remand from the Supreme Court of the United States (452 US 714). On *231 our prior consideration a majority in our court held that subdivision 6-a of section 106 of the Alcoholic Beverage Control Law[1] was unconstitutional under the First Amendment of the United States Constitution insofar as it prohibits topless dancing at premises licensed by the State Liquor Authority (50 NY2d 524, rearg and amdt of remittitur den 51 NY2d 879). On that occasion we found it unnecessary to consider the parallel contention that the statute was unconstitutional under section 8 of article I of our State Constitution (50 NY2d 524, 528, n 5, swpra).
The rationale of the majority then was that the Supreme Court had recognized dancing as a form of expression and had held that topless dancing, like nudity in art and sculpture, was to be accorded at least limited protection under the First Amendment (Doran v Salem Inn, 422 US 922). We explicitly took note of what we considered a critical circumstance in the case, namely, that the statutory provision under scrutiny barred all topless dancing — “The only question before us is whether the statute is constitutional to the extent that it absolutely prohibits liquor licensees from presenting nonobscene topless dancing performances to willing customers under all circumstances” (50 NY2d 524, 529, supra). We then recognized, as we do now, the right of the Legislature or the State Liquor Authority without infringement of the constitutional prescriptions to prohibit or to regulate topless dancing on either of two bases. If the dancing is itself found to be obscene there can be no question but what it falls outside the shelter of any constitutional right of expression. Or, topless dancing although not obscene may be regulated, even to the extent of its prohibition, in circumstances so functionally related to the exercise of the State’s authority to regulate the sale and consumption of alcoholic beverages as to overcome the applicable constitutional guarantee of freedom of expression, as for instance, *232 by a rule, such as that of the State Liquor Authority iu effect prior to the legislative enactment of subdivision 6-a, prohibiting topless dancing performed on a stage or platform less than 18 inches above the immediate floor level or removed by less than 6 feet from the nearest patron (9 NYCRR 53.1 [s] prior to its amendment[2]).
The determinative infirmity in the enactment of subdivision 6-a by the Legislature was the total absence of any findings by the Legislature or by the State Liquor Authority to support a rationally based factual justification for the blanket prohibition. Chapter 321 of the Laws of 1977 was predicated on no legislative finding and it included no declaration of legislative intent.[3] It was merely a straight *233 forward, unembellished amendment of section 106 to add a new subdivision. Nor was the amending bill introduced by the State Liquor Authority or accompanied by any memorandum from the authority in support of its enactment. Presumably the authority had been content with the adequacy, for purposes of the discharge of its supervisory responsibility, of its own existing 18-inch 6-foot rule.
The dissenters in our court expressed ’the view, corresponding to that of the majority in the Supreme Court, that even if it were to be concluded that subdivision 6-a would otherwise be unconstitutional under the First Amendment its enactment by the State would be authorized under the provisions of the Twenty-first Amendment of the Federal Constitution.[4]
The Supreme Court expressly upheld the validity of subdivision 6-a against attack under the Federal Constitution on the ground that its adoption was permitted under the provisions of the Twenty-first Amendment. “This Court has long recognized that a State has absolute power under the Twenty-first Amendment to prohibit totally the sale of liquor within its boundaries. * * * It is equally well established that a State has broad power under the Twenty-first Amendment to regulate the times, places and circumstances under which liquor may be sold * * * Pursuant to its power to regulate the sale of liquor within its boundaries, it has -banned topless dancing in establishments granted a license to serve liquor. The State’s power to ban the sale of alcoholic beverages entirely includes the lesser power to ban the sale of liquor on premises where topless dancing occurs * * * Whatever artistic or communicative value may attach to topless dancing is overcome by the State’s exercise of its broad powers arising under the Twenty-first Amendment.” (452 US 714, —, 49 USLW 3950, 3951, supra.)
The posture in which we confront this case on remand can thus be summarized as follows. When the case was previously before us the majority held subdivision 6-a un *234 constitutional as violative of the First Amendment of the United States Constitution; the dissenters would have held that in view of the authority granted the States by the Twenty-first Amendment to regulate the sale and use of liquor, the provision of subdivision 6-a was not irrational and accordingly should be upheld. The Supreme Court similarly upheld subdivision 6-a against challenge under the Federal Constitution on the ground that the broad provisions of the Twenty-first Amendment substantially curtailed the operative scope of the First Amendment. Nothing in its opinion intimates, however, that it would have upheld the subdivision against First Amendment challenge had there been no Twenty-first Amendment.
We are, of course, bound by the decision of the Supreme Court as to the validity of subdivision 6-a under the provisions of the Federal Constitution. We are now called on to consider the validity of the subdivision under the provisions of our State Constitution, an issue which we did not address when the case was before us on the prior occasion and which, of course, was not within the scope of the Supreme Court’s review.
We perceive no reason to depart from our conclusion, reached before, that subdivision 6-a in its present form is violative of a constitutional guarantee of freedom of expression. In arriving at this result we have no occasion to consider whether our State constitutional guarantee is broader than the guarantee of the Federal Constitution.[5]
[6] *235 For present purposes it suffices to observe that, at the very least, the guarantee of freedom of expression set forth in our State Constitution is of no lesser vitality than that set forth in the Federal Constitution (considered without reference to the curtailing effect of its Twenty-first Amendment) . Our State Constitution contains no provision modifying the State guarantee of freedom of expression corresponding to what the Supreme Court has held is the diminishing effect of the Twenty-first Amendment with respect to the Federal guarantee of freedom of expression. We therefore hold that subdivision 6-a is unconstitutional under the provisions of our State Constitution.
Nor is there anything in the Twenty-first Amendment itself which inhibits or modifies the right of freedom of expression assured by our State Constitution. As read by the Supreme Court, the Twenty-first Amendment recognizes, so far as the restrictive provisions of the Federal Constitution are concerned, the absolute power of a State to prohibit totally, and consequently to regulate, the sale of alcoholic beverages. Appellants do not assert, however, that the source of the State’s authority to regulate the sale and consumption of alcoholic beverages is to be found in the Twenty-first Amendment. Contrary to the position now advanced by one of the dissenters, the authority of our State in this respect stems not from any grant to be found in the Federal Constitution but derives from the inherent police power of the State as a sovereign (see 9 NY Jur, Constitutional Law, § 143; US Const, 10th Amdt).[6] The exercise of the police power by the State Legislature is necessarily subject to the strictures of our State Constitution, of which the guarantee of freedom of expression found *236 in section 8 of article I is controlling in this instance.[7] The Supreme Court has never espoused the proposition that the Twenty-first Amendment of the Federal Constitution confers a power on the States which is superior to or free from the constraints of their own Constitutions, and nothing cited by the dissenters is to the contrary.
Accordingly, we hold that the present statutory ban against topless dancing in premises licensed by the State Liquor Authority is prohibited by the guarantee of freedom of expression declared in section 8 of article I, there being no legislative findings or declaration in this instance providing warrant for the judicial conclusion that the categorical ban is sufficiently functionally related to the exercise of the State’s police power in the discharge of the responsibilities vested in the State Liquor Authority.[8]
For the reasons stated, the judgment of Supreme Court should be affirmed, with costs.

. Subdivision 6-a (added by L 1977, ch 321) provides: “No retail licensee for on-premises consumption shall suffer or permit any person to appear on licensed premises in such manner or attire as to expose to view any portion of the pubic area, anus, vulva or genitals, or any simulation thereof, nor shall suffer or permit any female to appear on licensed premises in such manner or attire as to expose to view any portion of the breast below the top of the areola, or any simulation thereof.”

. Prior to its amendment effective August 31, 1977 (the same date chapter 321 of the Laws of 1977 became effective), section 53.1 of the rules of the authority provided in pertinent part:
“Any license or permit issued pursuant to the Alcoholic Beverage Control Law may be revoked, cancelled or suspended for the following causes:
* :!-■ :¡¡
“(s) for suffering or permitting any female to appear on licensed premises in such manner or attire as to expose to view any portion of the breast below the top of the areola, or any simulation thereof. The provisions of this subdivision shall not apply to any female entertainer performing on a stage or platform which is at least 18 inches above the immediate floor level and which is removed by at least six feet from the nearest patron.”
Effective August 31, 1977 subdivision (s) was amended to read: “For suffering or permitting any female to appear on licensed premises in such manner or attire as to expose to view any portion of the breast below the top of the areola, or any simulation thereof.” In its original form subdivision (s) conformed to the provisions of rule 143.3 of the California Department of Alcoholic Beverage Control as to which no claim of unconstitutionality was raised in California v La Rue (409 US 109, 112, n 2) and which provided in its subdivision (2) : “Subject to the provisions of Subdivision (1) hereof, entertainers whose breasts and/or buttocks are exposed to view shall perform only when a stage is at least 18 inches above the immediate floor level and removed at least six feet from the nearest patron.”

. To the extent that the Per Curiam opinion in the Supreme Court may be read as concluding that such findings did exist in this ease we cannot agree. It is true, as recited in that opinion, that the memorandum of the Assemblyman who introduced the bill, as was to be expected, contained a statement of his objective in introducing his bill. Although his memorandum might perhaps be classified as part of the legislative history, and thus possibly available to assist in the interpretation of this statute were it ambiguous, there is nothing to suggest that it was adopted by the Legislature or otherwise converted into legislative findings as a premise for enactment of the statute. Nor have we found any other document which may be classified as containing findings or a declaration of purpose by the Legislature.

. As the dissenters recognized, “It is, of course, far too late in the day to suggest that dancing, even topless or nude dancing, is entitled to absolutely no First Amendment protections.” (50 NY2d 524, 532, supra.)

. First Amendment of the United States Constitution:
“Freedom of religion, speech and press; peaceful assemblage; petition of grievances
“Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.”
Section 8 of article I, of the New York State Constitution: “Every citizen may freely speak, write and publish his sentiments on all subjects, being responsible for the abuse of that right; and no law shall be passed to restrain or abridge the liberty of speech or of the press. In all criminal prosecutions or indictments for libels, the truth may be given in evidence to the jury; and if it shall appear to the jury that the matter charged as libelous is true, and was published with good motives and for justifiable ends, the party shall be acquitted; and the jury shall have the right to determine the law and the fact.”

. The quotation from Seagram & Sons v Hostetter (16 NY2d 47, 56), cited in the dissent, relied for its authority on Mahoney v Triner Corp. (304 US 401). That case, however, stands only for the proposition that (p 404) “[independently of the Twenty-first Amendment, the State had power to [regulate the sale of intoxicating liquors] ” and that since the adoption of the Twenty-first Amendment the State’s exercise of that power is not subject to attack on grounds of denial of equal protection under the Fourteenth Amendment of the Federal Constitution — in effect a holding with respect to the interplay between the Fourteenth and Twenty-first Amendments of the Federal Constitution paralleling that of the Supreme Court in this case with respect to the interplay between the First and Twenty-first Amendments of the Federal Constitution.

. The statement found at the conclusion of the Per Curiam opinion in the Supreme Court, that “the Twenty-first Amendment makes [the prohibition of topless dancing] a policy judgment for the state legislature, not the courts” (452 US 714, —, 49 USLW 3950, 3951, supra), is incomplete; any policy judgment made by our Legislature must necessarily conform to the commands of our State Constitution.

. In Matter of Beal Props, v State Liq. Auth. (37 NY2d 861, 862) we held that the State Liquor Authority did not have authority to impose a sanction against nude dancing “absent a regulation by the agency giving notice that conduct not lewd or indecent per se was proscribed”. That decision may not properly be read as implying that just any regulation, regardless of its constitutional validity, would serve to confer such authority. What the agency adopted following our decision in that case was the presently unchallenged 6-foot 18-inch regulation referred to (supra, at p 232).
We do not now undertake to define the standard to be applied under our State Constitution to determine whether a particular regulation of speech or conduct in connection with the sale or consumption of alcoholic beverages violates the guarantee of freedom of expression declared in section 8 of article I. It would seem that the test would be higher than that of mere rational relationship, the standard required for the justification of any exercise of the police power quite independent of the provision of section 8 of article I. Presumably, too, the standard would be significantly different depending on the nature of the speech or conduct to be regulated, e.g., as between topless dancing, on the one hand, and political activity, on the other, assuming indeed that the latter would be subject to any such regulation.