OPINION OF THE COURT
Joseph P. McCarthy, J.
The defendants in these appeals contend that subdivision 3 of section 240.35 of the Penal Law which proscribes loitering in public for the purpose of soliciting another to engage in deviate sexual intercourse is violative of rights protected by our Federal and State Constitutions.
The statute in question provides as follows:
“§ 240.35 Loitering
“A person is guilty of loitering when he * * *
*877 “3. Loiters or remains in a public place for the purpose of engaging, or soliciting another person to engage, in deviate sexual intercourse or other sexual behavior of a deviate nature”.
The facts in each case may be quickly summarized. The evidence offered against Robert Uplinger shows that he approached a male undercover Buffalo police officer in front of a residential hotel in the City of Buffalo at about 3:00 a.m. on August 7, 1981. He invited the officer to his apartment for the purpose of engaging in fellatio. Uplinger was found guilty of having violated the loitering statute and he concedes that his guilt under its text is clear.
Defendant Fredericka Sanders was also found guilty of the same offense after trial. She was observed by a police officer at about 12:40 a.m., on April 15,1981, walking back and forth near a street corner glancing at cars. After approximately 10 minutes an automobile stopped, the defendant entered the vehicle and it drove away. It was then parked on a nearby street about two blocks away. The officer approached the car and, using his flashlight, observed the defendant performing a sodomous act with the male driver.
Defendant Susan Butler was also charged with having violated this loitering statute. She was observed standing near a street corner waving to passing motorists during the early morning of April 1,1980. Within a few minutes a car stopped, the defendant spoke with the driver and entered the vehicle which was then parked nearby. The officer walked to the vehicle and witnessed the defendant engaging in oral sodomy. The charge against defendant Butler was dismissed upon a determination, following a hearing, that subdivision 3 of section 240.35 of the Penal Law, as applied, is violative of the equal protection clause of the Fourteénth Amendment and is also unconstitutionally vague.*
The People appeal from the order of dismissal in the Butler case, and the defendants Uplinger and Sanders appeal from their judgments of conviction.
*878 In evaluating a challenge to a legislative enactment, it is fundamental that the infirmity of the statute must be demonstrated beyond a reasonable doubt (People v Pagnotta, 25 NY2d 333, 337). The contentions of the defendants, therefore, must be meásured against this standard.
The defendants on these appeals urge that subdivision 3 of section 240.35 of the Penal Law is defective and unconstitutional on the ground that it prohibits lawful conduct; that it unreasonably restricts free speech; that it improperly punishes one’s mental operation alone; that it violates the equal protection clause; that it is selectively enforced; and that it is void for vagueness.
Initially, relying upon People v Onofre (51 NY2d 476), which held that our State’s consensual sodomy statute (Penal Law, § 130.38) is unconstitutional, the defendants maintain that loitering for the purpose of soliciting others to engage in constitutionally protected activity may not be outlawed. The defendants observe correctly that a statute which prohibits loitering, without more, is not sustainable inasmuch as it fails to specify the prohibited conduct (see People v Berck, 32 NY2d 567). Coupling this factor with the Onofre determination, the defendants conclude that subdivision 3 of section 240.35 of the Penal Law cannot withstand attack because it prohibits sodomy in private between consenting adults which is no longer a crime in this State. This approach assumes that the object of the loitering must itself be criminal conduct. However, no such specific requirement is found in organic law, statutory enactment or decisional authority. The question here is not whether the prohibited act is criminal but whether its proscription is rationally related to the interests of public morality. The Court of Appeals has made clear in Onofre that concerns for public morality are legally cognizable and those concerns are now fully applicable.
It is also contended that since sodomy performed by consenting adults in private is legal, there must in accord with the guarantees of free speech be permitted some limited communication whereby one can solicit another to engage in such conduct. In support of this position the defendants focus upon the manner of the solicitation. It is argued tljat a discreet, nonobtrusive invitation is permissi *879 ble as opposed to one audible to other members of the public. Under this view the sensibilities of the public deserve protection; however, when an individual member of the public is singled out, his or her sensibilities become inconsequential. This line of reasoning underscores, in part, the purpose of this legislation. Such offenses are designed to suppress public puisance not to regulate private morality. Indiscriminate public solicitation for deviate sex constitutes a contemptuous disregard for community standards, facially defies moral and aesthetic sensibilities, and annoys individuals who do not wish to become involved in such activities.. Surely the reasonable and legitimate expectations of citizens in public places may be protected from this undesired annoying behavior. (Model Penal Code, § 251.3, p 476.) These factors expressly alluded to by the Court of Appeals in Onofre (supra) provide a valid and rational basis to interdict the conduct described ip subdivision 3 of section 240.35 of the Penal Law.
The defendants may not anchor their claims to the right of free speech guaranteed by the First Amendment. The statute simply impedes the solicitation of others for deviate sexual activity only by individuals loitering in public places. It does not punish speech alone. Obviously what we have a right to do or say in private, we do not always have a right to do or say in public. This statute does no more than reasonably and narrowly limit one’s opportunity to solicit others to engage in deviate sex and it does so without trespassing upon the right of free speech. Any criminal statute may have an incidental effect on speech (People v Smith, 44 NY2d 613, 623). The view that this law constitutes a “total ban” on free speech is without merit and no support for this position may be drawn from Bellanca v New York State Liq. Auth. (54 NY2d 228). There the court addressed a statute barring all topless dancing performances to willing customers under all circumstances. In sharp contrast, this statute does not bar all solicitations; nor, significantly, may it be concluded that the individuals solicited willingly subject themselves to such behavior. Surely, one’s use of the public thoroughfare does not signify a receptivity to advances of this sort.
*880 Next, the claim that subdivision 3 of section 240.35 of the Penal Law unconstitutionally proscribes loitering with the purpose of engaging in deviate sexual conduct but without requiring overt conduct on the part of an accused is also rejected. Although this statute embraces the lowest grade of offense within the Penal Law, the unyielding requirements of probable cause to arrest and of proof beyond a reasonable doubt to convict are nevertheless fully applicable and serve to protect completely one’s entitlement to due process. This statute must — as the police officers in these cases have — be interpreted so as to require either an overt act or other conduct unambiguously evidencing the proscribed purpose.
With respect to the contention that this statute violates the right to equal protection, it is argued that the law is fatally underinclusive since it does not bar solicitation to engage in nondeviate sexual conduct. The statute does, however, treat all persons under similar circumstances alike and there is no requirement that a statute regulate every class to which it might be applied. Equal protection is not denied because a statute does not include other related activities within its reach. In addition, the historical and presently existing views shared by many in our society concerning deviate and nondeviate sexual conduct afford a rational basis for this legislative classification. The Legislature may have rationally concluded that solicitation by loiterers for deviate sexual activity is more offensive to the standards of public morality and, thus, more egregious than is the solicitation to participate in nondeviate sexual conduct. The reasonableness of this distinction is borne out by practical experience and common observation and these considerations prevent the destruction of the statute by the judiciary on the ground that it is arbitrary (cf. Town of Huntington v Park Shore Country Day Camp of Dix Hills, 47 NY2d 61, 66; Dandridge v Williams, 397 US 471, 485). Given the legitimate interest of the State in suppressing the activity proscribed by subdivision 3 of section 240.35 of the Penal Law and since the statute does not directly embrace a fundamental interest or a suspect classification, the equal protection clause is not offended.
*881 Next, insofar as it is claimed that equal protection is violated on the ground that the statute is selectively enforced, there is no showing that it is knowingly and intentionally unenforced against those known to have committed this offense (see Matter of Dora P., 68 AD2d 719, 733). Accordingly, this argument is also rejected.
Finally, it said that the statute is void for vagueness on the ground that the phrase “other sexual behavior of a deviate nature” fails to give adequate notice of the conduct declared to be criminal. This phrase, however, represents a permissible legislative technique to avoid the cataloguing of the multiple variations of deviate sexual behavior. The courts may competently construe this phrase by appropriately restricting its meaning (see People v Illardo, 48 NY2d 408). This phrase when measured by common understanding and practice adequately establishes sufficient warning as to the conduct to be avoided. Furthermore, none of the present defendants are in position to maintain uncertainty Insofar as their acts are concerned.
The judgments against Robert Uplinger and Fredericka Sanders are affirmed; and the order dismissing the charge against Susan Butler is reversed and the case remitted to the City Court of Buffalo for further proceedings.

 Although the defendants Butler and Sanders may have been charged with other violations of the Penal Law based upon their observed conduct, the sole concern here relates to the validity of subdivision 3 of section 240.35 of the Penal Law.