Argued and submitted April 16, affirmed in part, reversed in part and remanded October 15, 1986, reconsideration denied December 19, 1986, petition for review denied February 18, 1987 (302 Or 615)

SEKNE et al,
*Respondents,*

*v.*

CITY OF PORTLAND,
*Appellant.*

(A8504-02530; CA A36443)

726 P2d 959

Paul C. Elsner, Portland, argued the cause and filed the brief for appellant.

Donald P. Roach, Portland, argued the cause and filed the brief for respondents.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Newman, Judge.

NEWMAN, J.

## NEWMAN, J.

Plaintiffs brought this action to obtain a declaration that two Portland City Code (PCC) ordinances prohibiting nudity in taverns and restaurants, PCC 14.36.010 and PCC 14.36.020, could not validly be enforced against them. In their complaint, plaintiffs alleged that the ordinances have been preempted by the Oregon Liquor Control Act, *see* ORS 471.045, and that they violate Article I, section 39, of the Oregon Constitution and the right to free expression guaranteed by Article I, section 8, of the Oregon Constitution and the First Amendment. The parties stipulated to the relevant facts, and the court entered judgment for plaintiffs. Defendant appeals, and we affirm as to one ordinance and reverse as to the other.

PCC 14.36.010 states:

"Places of Entertainment.

"a. In any place licensed to sell alcoholic liquor and permitted by State law to allow dancing or have other forms of entertainment, it is unlawful for stage or floor show entertainer:

"(1) To come into physical contact with any patron or to circulate among tables, chairs or similar furniture used or intended for use by patrons.

"(2) To expose his or her genitalia or engage in or simulate any act of sexual intercourse, sodomy, masturbation or other sexual stimulation by the massage of the genital area of the body in the course of the show.

"(3) To appear in the course of the show without covering his or her genitalia with an opaque material which does not simulate the organ covered.

"b. It is unlawful for the owner, operator, or person in charge of a place licensed to sell alcoholic liquor and permitted by State law to allow dancing or have other forms of entertainment knowingly to permit any violation of Subsection (a) of this Section."

PCC 14.36.020 states:

"Places Serving Liquor.

"a. In any place where food or alcoholic beverage is offered for sale for consumption on the premises, it is unlawful:

"(1)  For any female person to be so costumed or dressed that one or both breasts are wholly or substantially exposed to public view.

"(2)  For any person to appear without covering his or her genitalia with an opaque material that does not simulate the organ covered.

"b.  It is unlawful for the owner, operator or person in charge of any place where food or alcoholic beverage is offered for sale or consumption on the premises knowingly to permit any violation of Subsection (a) of this Section."

The facts are stipulated by the parties:

"1.  Plaintiff Sekne is the owner and operator of Graffic Tavern.

"2.  Plaintiff Margaret Trachsel is a dancer who performs at the Graffic Tavern.

"3.  Plaintiff Sekne's tavern serves alcoholic beverages and is licensed by the Oregon Liquor Control Commission * * *.

"4.  Plaintiff Sekne serves food for consumption at his tavern.

"5.  Plaintiff Sekne permits live entertainment at the tavern consisting of dancing by female performers.

"6.  Dancing by female performers is performed on a separate stage.

"7.  Dancers do not have any physical contact with any of the patrons of the tavern.

"8.  Dancers do not circulate among tables, chairs or similar furniture used or intended for use by patrons.

"9.  Dancers to not touch or offer to touch sexual parts of another for the purpose of arousing or gratifying the sexual desires of either party.

"10.  Dancers to not simulate any act of sexual intercourse, sodomy, masturbation or sexual stimulation by massage of the genital area of the body in the course of the performance.

"11.  Dancers dance to the accompaniment of music.

"12.  Dancers, during a portion of their performance, appear with their breasts wholly or substantially uncovered.

"13.  Dancers, during a portion of their performance,

appear without covering their genitalia with an opaque material.

"14. Defendant City of Portland Inspectors have threatened to enforce City of Portland ordinances against plaintiffs, and in particular §14.36.010 and §14.36.020, prohibiting nude dancing as described in paragraphs (12) and (13) above.

"15. Defendant City of Portland intends to enforce its ordinances as to plaintiff Sekne and his dancers.

"16. Plaintiff Sekne has permitted nude dancing as described in the paragraphs above since September, 1983 until April 22, 1985. Plaintiff Sekne desires to continue to permit dancing as described above. Plaintiff Trachsel desires to continue to perform routines as described above."

After the parties presented arguments below, the trial court asked them to submit additional memoranda on the question of whether the ordinances violate the equal protection guarantees of Article I, section 20, and the Fourteenth Amendment. The parties submitted the memoranda, and the court invalidated the ordinances on equal protection grounds. In its opinion it stated:

"The City does not quarrel with the concept that within the confines of the City of Portland nudity is permitted on television, in the movies, in magazines and on the stage at the Civic Theater. Why may nude bodies be viewed in many places within the City but not taverns?

"While it may be a desirable policy to deter exploitation of women, assuming that nudity in a tavern is exploitation, such legislation should not be discriminatory in its application.

"Ordinances 14.36.010 and 14.36.020 are unconstitutional."[1]

In defendant's only assignment, it asserts that "[t]he court erred in holding that PCC 14.36.010 and 14.36.020 violated the equal protection provisions of the Fourteenth Amendment * * * and Article I, section 20 of the Oregon Constitution." In response, plaintiffs argue that the court correctly invalidated the ordinances on equal protection grounds and, in the alternative, that the ordinances violate plaintiffs' rights to free expression under the state and federal constitutions.

---

[1] The court noted at trial:

"What difference does it make whether you are watching nude dancing while you are eating a hamburger or having a beer."

■    Plaintiffs also argue that "the ordinances conflict with the Oregon Liquor Control Act and the OLCC regulations and therefore are superceded [sic] and repealed." They explain that "nude dancing as performed on plaintiff's premises is permitted by OLCC regulations and state liquor statutes. To the extent that the city ordinances prohibit nude dancing which is allowed by OLCC regulations, these ordinances are inconsistent with the Oregon Liquor Act." We turn briefly to this argument, although defendant does not address it.

ORS 471.045 provides that the Liquor Control Act

"shall fully replace and supersede any and all municipal charter enactments or local ordinances inconsistent with it. Such charters and ordinances hereby are repealed."

The legislative policy underlying ORS 471.045 is to prempt an ordinance only if it is inconsistent with the act. *City of Portland v. Sunseri,* 66 Or App 261, 265, 673 P2d 1369 (1983); *see also City of Portland v. Dollarhide,* 300 Or 490, 501, 714 P2d 220 (1986). Here, there is no inconsistency between the act and the ordinances. ORS 472.180(5) provides that the Liquor Control Commission may cancel or suspend any license, or impose a monetary penalty in lieu of or in addition to suspension, if it finds that the licensee maintains a "lewd" establishment. Neither that section, *see Korgan v. OLCC,* 72 Or App 31, 695 P2d 81, *rev den* 299 Or 443 (1985), nor any other provision of the act, either forbids or allows nude dancing or nudity in establishments that serve liquor or addresses whether those activities are criminal. Neither is there any necessary inconsistency between the regulations and the ordinances. OAR 845-06-045(2) forbids permitting "lewd conduct;" OAR 845-06-045(3) forbids permitting "any criminal activity on the licensed permises." They do not forbid or allow nude dancing or nudity or address whether those activities are lewd or criminal. Both the act and the regulations, insofar as they are pertinent, only establish standards governing the licensee's license privilege. By virtue of the act and regulations, the ordinances are not superseded or repealed. Moreover, in the absence of any state criminal law prohibiting either nude dancing or nudity in establishments serving liquor, we do not find any reason, under the principles

discussed in *City of Portland v. Dollarhide, supra,* to conclude that the city may not enact the ordinances, if they are otherwise valid. *See also* Or Const, Art XI, § 2. Accordingly, we must consider the validity of the ordinances. We address first their validity under Article I, section 8.

PCC 14.36.010 prohibits nude dancing in "any place licensed to sell alcoholic liquor." Article I, section 8, provides:

> "No law shall be passed restraining the free expression of opinion, or restricting the right to speak, write, or print freely on any subject whatever; but every person shall be responsible for the abuse of this right."

Plaintiffs argue that the ordinance is overbroad and, therefore, invalid.[2] Plaintiffs do not challenge the portions of the ordinance which make it unlawful for an entertainer to come into physical contact with any patron or to circulate among tables, chairs or similar furniture used or intended for use by patrons, or to engage in or simulate any act of sexual intercourse, sodomy, masturbation or other sexual stimulation by the massage of the genital area of the body in the course of the show. They assert, however, that by prohibiting all nude dancing in taverns, the ordinance reaches expression that Article I, section 8, protects. If the ordinance does proscribe protected behavior, it is invalid, unless we can give it a narrowing construction. *State v. Robertson, supra* n 2, 293 Or at 412. Relying on *City of Portland v. Derrington,* 253 Or 289, 451 P2d 111, *cert den* 396 US 901 (1969), defendant argues that nude dancing is conduct and not speech and is, therefore, not protected by Article I, section 8.

In *Derrington,* the court upheld an ordinance analagous to PCC 14.36.020(a)(1) which prohibited women from appearing topless in bars and restaurants. It stated that "[w]hen nudity is employed as sales promotion in bars and

---

[2] The threshold question in an analysis of a law under Article I, section 8, is whether the legislative enactment is directed against speech itself or against some effect of speech. *State v. Robertson,* 293 Or 402, 415, 649 P2d 569 (1982); *State v. Harrington,* 67 Or App 608, 680 P2d 666, *rev den* 297 Or 547 (1984). If, for example, PCC 14.36.010 is directed against speech as such and is not wholly confined within some "historical exception" that Article I, section 8, demonstrably is not intended to reach, it is "a law whose enactment was for this reason alone wholly withdrawn from legislative authority." *State v. Robertson, supra,* 293 Or at 415. The parties, however, do not address these issues and, because of our disposition of the overbreadth issue, we do not address them.

restaurants, nudity is conduct" and is, therefore, a fit subject for governmental regulation. 253 Or at 292. *Derrington,* however, did not consider Article I, section 8, and the analysis in *Derrington* is not applicable under Article I, section 8.[3]

In *City of Portland v. Gatewood,* 76 Or App 74, 708 P2d 615 (1985), *rev den* 300 Or 477 (1986), we also noted that under some circumstances, nudity can constitute speech. In passing on the validity of an ordinance proscribing public nudity we stated:

"We recognize that the prohibited conduct at issue here, *i.e.,* appearing nude or exposing one's genitals in public, can constitute symbolic conduct and be a form of expression protected under Article I, section 8." 76 Or App at 79.

We upheld the ordinance, however, after construing it to reach nudity that was not expressive. 76 Or App at 81.

The lesson of *Gatewood* is that nude conduct can be "expression" within the meaning of Article I, section 8. *See also State v. House,* 66 Or App 953, 676 P2d 892, *opinion modified* 68 Or App 360, 681 P2d 173 (1984), *aff'd on other grounds,* 299 Or 78, 698 P2d 951 (1985).[4] Moreover, dance is protected by Article I, section 8. Nudity alone does not take dance out of the realm of protected expression. Accordingly, we hold that PCC 14.36.010 extends into areas of constitutionally protected expression.

Cases from other jurisdictions support the conclusion that nude dancing is "expression" entitled to constitutional protection. Although the United States Supreme Court has, in the face of First Amendment challenges, upheld *state liquor regulations* controlling nude dancing, it has recognized that speech is implicated. *New York State Liquor Authority v. Bellanca,* 452 US 714, 101 S Ct 2599, 69 L Ed 2d 357 (1981); *California v. LaRue,* 409 US 109, 93 S Ct 390, 34 L Ed 2d 342 (1972). The Court upheld the licensing regulations in question

---

[3] The cases cited from other jurisdictions, which uniformly reject the speech/conduct dichotomy, raise serious questions as to the continued validity of *Derrington's* reasoning under the First Amendment.

[4] In *State v. House, supra,* we struck down an ordinance which prohibited any live public show which included "any touching of genitals, pubic areas or buttocks * * * or the breasts of the female * * * in an act of apparent sexual stimulation or gratification," because it "[was] overbroad and prohibit[ed] expression protected by Article I, section 8." 66 Or App at 958. The Supreme Court affirmed on other grounds.

because, in matters of liquor control, the Twenty-First Amendment[5] confers "something more than the normal state authority over public health, welfare, and morals." *California v. LaRue, supra,* 409 US at 114. In *Schad v. Mount Ephraim,* 452 US 61, 101 S Ct 2176, 68 L Ed 2d 671 (1981), on the other hand, the Court struck down a broad prohibition against live entertainment. Although the ordinance in question applied to other than nude entertainment, the Court stated:

> "Nor may an entertainment program be prohibited solely because it displays the nude human figure. '[N]udity alone' does not place otherwise protected material outside the mantle of the First Amendment. *Jenkins v. Georgia,* [418 US 153, 161, 94 S Ct 2750, 41 L Ed 2d 642 (1974)]." 452 US at 66. (Citations omitted.)

*See also Duran v. Salem Inn, Inc.,* 422 US 922, 95 S Ct 2561, 45 L Ed 2d 648 (1975).

In *Morris v. Municipal Court for San Jose-Milpitas,* 32 Cal 3d 553, 186 Cal Rptr 494, 652 P2d 51 (1982), the California Supreme Court held that a city ordinance barring nude entertainment in any place other than a theater violates the First Amendment. In concluding that nude dancing is protected speech, it stated:

> "[Nude dancing at taverns is] undoubtedly more offensive to the residents of Santa Clara than other entertainments which may be performed in the nude - ballet, for example. But the First Amendment does not generally permit courts or legislatures to distinguish between these activities. '[I]t is largely because governmental officials cannot make principled distinctions in this area that the Constitution leaves matters of taste and style so largely to the individual.' (*Cohen v. California* (1971) 403 U.S. 15, 25, [29 L.Ed.2d 284, 294, 91 S.Ct. 1780, 1788].) '[W]hile the entertainment afforded by a nude ballet at Lincoln Center to those who can pay the price may differ vastly in content (as viewed by judges) or in quality (as viewed by critics), it may not differ in substance from the dance viewed by the person who, having worked overtime for the necessary wherewithal, wants some "entertainment" with his beer or shot of rye.' (*Salem Inn, Inc. v. Frank* (2d Cir. 1974)

---

[5] Amendment XXI, section 2, provides:

"The transportation or importation into any State, Territory, or possession of the United States for delivery or use therein of intoxicating liquors, in violation of the laws thereof, is hereby prohibited."

501 F.2d 18, 21, fn. 3; on remand, 522 F.2d 1045, 1048.)" 32 Cal 3d at 558.

Moreover, it found that the state's concern for the exploitation of female nudity was not a sufficient state interest to uphold the ordinance:

"The female body has been the inspiration of artists from time immemorial. Their motivations have ranged from the highest and purest to the vilest and most degrading. * * * Surely it cannot be contended that the law - as distinguished from other societal controls, such as family, church, peer groups, media, critics - should assume the role of the arbiter who segregates nudity which insults and degrades, from that which exalts the beauty of the human form, male and female." 32 Cal 3d at 568. (Citation omitted.)

■ Other state courts have invalidated prohibitions against nude entertainment in taverns under the free speech provisions of their state constitutions. *Mickens v. City of Kodiak,* 640 P2d 818 (Alaska 1982); *Cabaret Enter. v. Alcoholic Bev. Con. Com'n,* 393 Mass 13, 468 NE2d 612 (1984); *New York State Liquor Authority v. Bellanca,* 54 NY2d 228, 445 NYS2d 87, 429 NE2d 765 (1981) (on remand from the United States Supreme Court). Those courts have reasoned that, because the Twenty-First Amendment does not apply to enhance the state's power to regulate expression in liquor establishments as against the *state's own* free expression guarantees, prohibitions against nude entertainment are invalid, even if limited to taverns. We concur in that analysis. The Twenty-First Amendment does not augment the state's power to regulate expression in establishments licensed to serve liquor as against Article I, section 8.[6]

Because we have decided that PCC 14.36.010 is overbroad under Article I, section 8, the next steps in our analysis are to decide whether it can be given a narrowing construction to bring it within constitutional bounds, *State v.*

---

[6] We note that, even were we considering the validity of the ordinances here under the First Amendment, Oregon does not appear to have delegated its liquor regulatory authority under the Twenty-First Amendment to the city so as to augment its power to regulate establishments serving liquor. *See Leverett v. City of Pinellas Park,* 775 F2d 1536 (11th Cir 1985); *see also Krueger v. City of Pensacola,* 759 F2d 851 (11th Cir 1985); *Grand Faloon Tavern, Inc. v. Wicker,* 670 F2d 943 (11th Cir 1982), *cert den* 459 US 859 (1982); *Note,* "The Effect of the Twenty-First Amendment on State Authority to Control Intoxicating Liquors," 75 Colum. L. Rev. 1578, 1610 (1975).

*Robertson, supra,* 293 Or at 411, and whether its invalid parts, if any, can be severed from the rest. *State v. Cantwell,* 66 Or App 848, 852, 676 P2d 353, *rev den* 297 Or 124 (1984). PCC 14.36.010 prohibits dance if the dancer exposes his or her genitalia. We do not believe that the broad proscription against all nude dancing can be given a constitutional construction "without straining the boundaries of what the Portland City Council sought to accomplish or what the ordinance itself conveys to the reader." *See City of Portland v. Gatewood, supra,* 76 Or App at 79. Those sections of the ordinance which prohibit nude dancing, namely, PCC 14.36.010(a)(3) and, also, PCC 14.36.010(a)(2), to the extent that it makes it unlawful for the dancer "to expose his or her genitalia * * * in the course of the show" are, therefore, unconstitutional and invalid; *see also State v. House, supra,* 66 Or App at 958.[7]

The portions of the ordinance that we find invalid, however, can be severed from the remainder of the ordinance, which is not inseparably connected to or dependent on the prohibitions on nude dancing and standing alone is complete. *See State v. Cantwell, supra; see also State v. Robertson, supra.* The stipulation of the parties also states that the dancers do not engage in the activities covered by the remainder of the ordinance, and plaintiffs do not challenge it. We do not pass on the remainder of the ordinance.

■ Plaintiffs also challenge the constitutionality of PCC 14.36.020, which is a prohibition against nudity in "any place where food or alcoholic beverage is offered for sale." If we construed the ordinance to prohibit nude dancing, it would be unconstitutional for the reasons stated above. We construe it, however, not to reach nude dancing. *See City of Portland v. Gatewood, supra,* 76 Or App at 79. Considering that PCC 14.36.010 independently prohibits nude dancing, our construction is reasonable, for a broader construction of PCC 14.36.020 would make much of PCC 14.36.010 superfluous. The only nudity at issue in this case is nude dancing. As construed, PCC 14.36.020 does not prohibit nude dancing and, therefore, it does not interfere with any activity in which

---

[7] In *City of Portland v. Gatewood, supra,* we "saved" an ordinance by construing it to apply only to nudity that was not expressive. 76 Or App at 81. We decline to give an analogous construction to this ordinance, because it applies specifically to dancing, a form of expression.

plaintiffs seek to partake. Accordingly, we do not reach the question of the validity of PCC 14.36.020 as construed.

Affirmed in part; reversed in part; and remanded for proceedings not inconsistent with this opinion.