Kaye, J.
(dissenting). In my view, People ex rel. Arcara v Cloud Books (68 NY2d 553) alone leads to reversal of the order below, without the need to embark on a content-based/ content-neutral analysis. I would therefore not reach the difficult question whether the rigorous test of strict scrutiny should apply even to ordinances regulating pornography (see generally, Sunstein, Pornography and the First Amendment, 1986 Duke LJ 589); that test in practical application is tantamount to per se invalidity (see, Renton v Playtime Theatres, 475 US 41, 46-47; Police Dept. v Mosley, 408 US 92, 95, 98-99).
Even assuming the Islip ordinance were content-neutral *579 only, under the plain language of Arcara the Town bears the burden of proving that in banishing a bookstore from its midst "it has chosen a course no broader than necessary to accomplish its purpose.” (68 NY2d, at 559). Put another way, the Town had "to satisfy a 'least restrictive means’ test: it had to show the unavailability of other measures with less detrimental effect on freedom of expression”. (Tribe, American Constitutional Law § 12-7, at 829, n 23 [2d ed] [construing Arcara].) Here, the Town didn’t simply fail to meet this burden; it didn’t even try. The report on which the challenged ordinance was based is devoid of any indication that the Town considered less speech-restrictive alternatives. Under any fair reading of Arcara, this defect is fatal.
The majority sidesteps this result only by trimming Arcara, even suggesting that courts have no business concerning themselves with the intrusiveness of a particular zoning method, notwithstanding that it impacts bookselling — a form of expression which is unquestionably "constitutionally protected activity.” (People ex rel. Arcara v Cloud Books, 68 NY2d, at 558.) While freedoms such as these have been previously accorded transcendent value by this court (see, e.g., People ex rel. Arcara v Cloud Books, supra, at 557; People v P. J. Video, 68 NY2d 296; Bellanca v State Liq. Auth., 54 NY2d 228, 235), self-styled "anti-Skid Row” ordinances are now largely removed from meaningful judicial scrutiny.
Chief Judge Wachtler and Judges Hancock, Jr., and Bellacosa concur with Judge Simons; Judge Titone dissents and votes to reverse in a separate opinion in which Judge Alexander concurs; Judge Kaye dissents and votes to reverse in another opinion.
Order affirmed, with costs.