**Eileen KNUDTSON, Respondent,**

v.

**CITY OF COATES, Appellant.**

No. C2–92–2533.

Court of Appeals of Minnesota.

Sept. 7, 1993.

Review Granted Oct. 28, 1993.

Randall D.B. Tigue, Minneapolis, for respondent.

Shawn M. Moynihan, Joan M. Fluegel, J. Michael Miles, Hastings, for appellant.

Considered and decided by ANDERSON, C.J., and PETERSON and FLEMING,* JJ.

---

* Retired judge of the district court, acting as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

## OPINION

PETERSON, Judge.

After the Coates City Council voted not to renew respondent Eileen Knudtson's liquor license because a city ordinance prohibiting nudity in liquor establishments had been violated in respondent's bar, respondent brought an action in the district court seeking a declaratory judgment that the ordinance is unconstitutional and an injunction prohibiting the enforcement of the ordinance against her. The district court granted the requested relief. The City of Coates appeals. We affirm.

## FACTS

Respondent Eileen Knudtson is the sole proprietor of Jake's Bar, located in the City of Coates. In January 1992, Knudtson began presenting nude dancing as entertainment at the bar. She continued to provide the entertainment after being advised that it violated a city ordinance prohibiting nudity in liquor establishments. In April 1992, the city council denied Knudtson's application to renew the liquor license for Jake's Bar based on her violation of the city ordinance.

The ordinance provides:

603.01 PURPOSE. The City of Coates does hereby ordain that it is in the best interest of the public health, safety and general welfare of the people of the City of Coates that certain types of entertainment, as hereinafter set forth, be prohibited upon the premises of licensed liquor and beer establishments so as to best protect and assist the owners and operators and employees thereof, as well as the patrons thereof and the public in general. Further, the City does ordain that the standards set herein are reflective of the prevailing community standards in the City of Coates.

603.02 CERTAIN ACTS PROHIBITED. It shall be unlawful for any licensee to permit or to suffer any person or persons from being upon the licensed premises when such person does not have his or her buttocks, anus, breast and genitals covered with a non-transparent material.

Coates, Minn., City Ordinances §§ 603.01, 603.02 (1978).

A former council member testified that the ordinance was enacted in response to numerous complaints from residents about nude dancing occurring at the Sportsman's Bar, the predecessor to Jake's Bar. No evidence that sexual improprieties have occurred on the premises or that the dancers mingle with bar patrons was presented at trial. There was also no evidence of increased crime in or around Jake's Bar.

## ISSUES

I. Is the city ordinance valid as a proper exercise of municipal authority to regulate liquor?

II. Is the city ordinance valid as a proper exercise of the municipality's police power?

## ANALYSIS

### I.

▉ Nonobscene nude dancing performed for entertainment is expressive conduct that is entitled to protection under the First Amendment to the United States Constitution. *Barnes v. Glen Theatre, Inc.,* —— U.S. ——, ——, 111 S.Ct. 2456, 2460, 115 L.Ed.2d 504 (1991). However, under the broad powers conferred upon the states by the Twenty-first Amendment to the United States Constitution, states may prohibit such entertainment in establishments licensed to serve liquor. *New York State Liquor Auth. v. Bellanca,* 452 U.S. 714, 717–18, 101 S.Ct. 2599, 2601–02, 69 L.Ed.2d 357 (1981) (*Bellanca I*); *California v. LaRue,* 409 U.S. 109, 118–19, 93 S.Ct. 390, 397, 34 L.Ed.2d 342 (1972).

The Twenty-first Amendment provides:

The transportation or importation into any State, Territory, or possession of the United States for delivery or use therein of intoxicating liquors, in violation of the laws thereof, is hereby prohibited.

U.S. Const. amend. XXI.

In the context of liquor regulations, the Twenty-first Amendment confers "something more than the normal state authority over public health, welfare, and morals." *LaRue,* 409 U.S. at 114, 93 S.Ct. at 395. Under the

Twenty-first Amendment, "a State has absolute power * * * to prohibit totally the sale of liquor within its boundaries." *Bellanca I,* 452 U.S. at 715, 101 S.Ct. at 2600. The state's power to completely ban the sale of liquor "includes the lesser power to ban the sale of liquor on premises where topless dancing occurs." *Id.* at 717, 101 S.Ct. at 2601.

In effect, the Twenty-first Amendment creates an exception from the freedom of expression protections provided by the First Amendment. When liquor is involved, the Twenty-first Amendment limits the scope of the First Amendment. *See id.* at 718, 101 S.Ct. at 2602 (artistic or communicative value of topless dancing overcome by state's exercise of broad Twenty-first Amendment powers).

■ The Minnesota Constitution also guarantees freedom of expression. It provides:

> The liberty of the press shall forever remain inviolate, and all persons may freely speak, write and publish their sentiments on all subjects, being responsible for the abuse of such right.

Minn. Const. art. I, § 3. Minnesota's freedom of expression guarantee affords as much protection as the First Amendment. *See State v. Davidson,* 481 N.W.2d 51, 57 (Minn. 1992) (in context of obscenity, Minnesota's freedom of expression guarantee is coextensive with First Amendment).

The issue before us is whether the Coates city ordinance violates the Minnesota Constitution absent any provision in the Minnesota Constitution that limits the scope of Article I, Section 3 the way the Twenty-first Amendment limits the scope of the First Amendment.

Minnesota's appellate courts have not considered the effect of the Twenty-first Amendment on the state Constitution's free expression guarantee.[1] There is a split among courts in other states that have considered the issue under their state constitutions.

Some have invalidated statutes and ordinances prohibiting nude dancing in liquor establishments as violating state constitution free expression guarantees. *See, e.g., Commonwealth v. Sees,* 374 Mass. 532, 373 N.E.2d 1151, 1155 (1978); *Bellanca v. New York State Liquor Auth.,* 54 N.Y.2d 228, 445 N.Y.S.2d 87, 90, 429 N.E.2d 765, 768 (1981) *(Bellanca II ), cert. denied,* 456 U.S. 1006, 102 S.Ct. 2296, 73 L.Ed.2d 1300 (1982); *Sekne v. City of Portland,* 81 Or.App. 630, 726 P.2d 959, 964 (1986), *rev. denied* 302 Or. 615, 733 P.2d 450 (Or.1987). Others have concluded the that the scope of free expression guarantees in state constitutions is no broader than First Amendment protections as limited by the Twenty-first Amendment. *See, e.g., Dydyn v. Department of Liquor Control,* 12 Conn.App. 455, 531 A.2d 170, 174–75 (1987), *certification denied* 205 Conn. 812, 532 A.2d 586 (1987), *cert. denied,* 485 U.S. 977, 108 S.Ct. 1272, 99 L.Ed.2d 483 (1988); *City of Daytona v. Del Percio,* 476 So.2d 197, 203–04 (Fla.1985); *City of Billings v. Laedeke,* 247 Mont. 151, 805 P.2d 1348, 1352 (1991).

■ We find the reasoning of the former jurisdictions more persuasive. As the New York Court of Appeals stated:

> For present purposes it suffices to observe that, at the very least, the guarantee of freedom of expression set forth in our State Constitution is of no lesser vitality than that set forth in the Federal Constitution (considered without reference to the curtailing effect of its Twenty-first Amendment). Our State Constitution contains no provision modifying the State guarantee of freedom of expression corresponding to what the Supreme Court has held is the diminishing effect of the Twenty-first Amendment with respect to the Federal guarantee of freedom of expression. We therefore hold that [the statute prohibiting topless dancing] is unconstitutional under the provisions of our State Constitution.

*Bellanca II,* 445 N.Y.S.2d at 90, 429 N.E.2d at 768; *see also Sekne,* 726 P.2d at 964

---

1. In *Koppinger v. City of Fairmont,* 311 Minn. 186, 199–200, 248 N.W.2d 708, 715–16 (1976), the supreme court invalidated as overbroad an ordinance that restricted nudity in liquor establishments and other public places. The court did not consider whether the Twenty-first Amendment limited the scope of Article I, Section 3 of the Minnesota Constitution.

(because Twenty-first Amendment does not apply to broaden state's power to regulate expression as against state constitution guarantee of free expression, prohibition against nude entertainment invalid even when limited to liquor establishments).

Absent a provision in the Minnesota Constitution that limits the scope of Article I, Section 3 in the context of liquor regulation, we conclude that the freedom of expression guaranteed by Article I, Section 3 of the Minnesota Constitution is as broad in a liquor establishment as in any other setting. Expression that is protected under Article I, Section 3 in a theater or concert hall may not be prohibited in an establishment that serves liquor.

## II.

The city contends that the ordinance is valid under its broad police power because the ordinance was enacted to prohibit nudity, not expression. *See Barnes*, —— U.S. at ——, 111 S.Ct. at 2462 (state's police power provides authority for public indecency statute enacted to protect morals and public order).

> [W]hen "speech" and "nonspeech" elements are combined in the same course of conduct, a sufficiently important governmental interest in regulating the nonspeech element can justify incidental limitations on First Amendment freedoms.

*Id.*, —— U.S. at ——, 111 S.Ct. at 2461 (quoting *United States v. O'Brien*, 391 U.S. 367, 376, 88 S.Ct. 1673, 1678–79, 20 L.Ed.2d 672 (1968)). The city argues that its interest in regulating public nudity justifies the incidental prohibition of nude dancing.

> The ordinary presumption of constitutionality afforded legislative enactments does not apply to laws restricting first amendment rights. The burden of proving a need for such a law is on the government.

*Goward v. City of Minneapolis*, 456 N.W.2d 460, 464 (Minn.App.1990) (citation omitted).

■ Time, place, and manner regulations that affect protected expression may be valid if they are content-neutral. *See Barnes*, —— U.S. at —— – ——, 111 S.Ct. at 2460–61 (applying time, place and manner analysis

embodied in *O'Brien*, 391 U.S. at 376–77, 88 S.Ct. at 1678–79 to law prohibiting public nudity); *City of Renton v. Playtime Theatres, Inc.*, 475 U.S. 41, 47, 106 S.Ct. 925, 928, 89 L.Ed.2d 29 (1986) (applying time, place and manner analysis to zoning of adult movie theaters). "In determining whether a government regulation is content-neutral, the government's purpose is the controlling consideration." *Goward*, 456 N.W.2d at 464. A regulation is content-neutral if it can be justified without referring to the content of the speech regulated. *Playtime Theatres*, 475 U.S. at 48, 106 S.Ct. at 929; *Goward*, 456 N.W.2d at 464; *see also Barnes*, —— U.S. at ——, 111 S.Ct. at 2461 (regulation justified if it furthers important government interest unrelated to suppression of expression).

■ The Coates city ordinance is not a valid time, place, and manner restriction on public nudity because it is not content-neutral. The ordinance prohibits only some forms of nudity. Although ordinance § 603.02 is phrased in terms of a general prohibition of nudity in liquor establishments, ordinance § 603.01 specifically states that the purpose of the ordinance is to prohibit "certain types of entertainment" in liquor establishments. Furthermore, the trial court specifically found that the ordinance was enacted solely in response to community complaints about nude dancing in bars and was intended to prohibit this conduct.

Although the city may correctly contend that there is a substantial governmental interest in prohibiting general public nudity, the ordinance cannot be interpreted as an attempt to further this interest. Instead, the ordinance applies only to licensed liquor establishments and was enacted only to prohibit nude dancing. This interest is directly related to the suppression of free expression. *See Barnes*, —— U.S. at ——, ——, 111 S.Ct. at 2461, 2463 (state law prohibiting public nudity upheld when purpose of law was to protect societal order and morality rather than to prevent only nude dancing in nightclubs); *Playtime Theatres*, 475 U.S. at 48, 106 S.Ct. at 929 (when city's purpose in enacting zoning law was to prevent secondary effects caused by adult movie theaters rather than to restrict message put out by

theaters, city's interest not related to suppression of free expression).

Because the Coates ordinance was enacted to suppress protected expression, it is not a valid exercise of the city's inherent police power. We, therefore, hold the ordinance violates Minnesota Constitution Article I, Section 3.

## DECISION

The district court properly determined that the Coates city ordinance prohibiting nudity in liquor establishments is unconstitutional and that the city council violated Knudtson's constitutional rights in deciding not to renew the liquor license for Jake's Bar.

**Affirmed.**